UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GURDIT SINGH

          Petitioner,

    v.

CHESTNUT, et al.,

          Respondents.

No. 1:26-cv-00273-WBS-DMC

MEMORANDUM AND ORDER

----oo0oo----

       Gurdit Singh, a native and citizen of India who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court.  On March 24, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted.  (See generally Docket No. 10.)  On April 14, 2026, respondents filed objections to the findings and recommendations.  (Docket No. 12.)

       The court having reviewed the entire file declines to adopt the Magistrate Judge's recommendation to issue the writ because this court does not agree that petitioner's re-detention is governed by 8 U.S.C. § 1226. This court has repeatedly held that 8 U.S.C. § 1225, not 8 U.S.C. § 1226, governs the re-detention of an illegal alien found in this country even though his initial release was governed by 8 U.S.C. § 1226.  See, e.g.,

1

J.E.P.M v. Wofford, et al., No. 1:26-cv-00316 WBS CKD, 2026 WL 125270, at *2 (E.D. Cal. Jan. 16, 2026) (collecting this court's such cases).  The Magistrate Judge's findings and recommendations fail to mention or distinguish any of those decisions.

Nor do the findings and recommendations deal with the recent opinions of the Fifth Circuit in Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), or the Eighth Circuit in Avila v. Bondi, --- F.4th ----, 2026 WL 819258, at *1 (8th Cir. 2026), which are the only two appellate decisions to yet address the issue, both of which would also lead to a result contrary to that recommended by the Magistrate Judge.[1]

As this court has repeatedly held, and as the appellate decisions have thus far confirmed, 8 U.S.C. § 1225(b)(2)(A) requires mandatory detention of "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted."

A neighboring provision, 8 U.S.C. § 1225(a)(1), clarifies that "[a]n alien present in the United States who has not been admitted ... shall be deemed for purposes of this Act an applicant for admission."  The term "admission" is in turn defined "with respect to an alien" as "the lawful entry of the alien into the United States after inspection and authorization

---

[1]   Although the Buenrostro-Mendez opinion was filed before the findings and recommendations in this case, the Avila opinion was not filed until afterwards, so the Magistrate Judge would have had no way to know of the Eighth Circuit decision at the time of making his findings and recommendations.

by an immigration officer." Id. § 1101(a)(13)(A) (emphasis added). The inclusion of the word "lawful" in the foregoing definition is critical: it expressly clarifies that an individual may only be considered "admitted" to the United States if their presence therein is with permission.

This definition comports with the plain meaning of the word "admit," which is defined in Merriam-Webster's Dictionary as "to allow entry (as to a place, fellowship, or privilege)." Admit, Merriam-Webster, https://www.merriam-webster.com/dictionary/admit (last visited Feb. 3, 2026) (emphasis added). To construe the statute otherwise -- "that the mandatory detention provision of 1225 categorically does not apply to aliens who are present in the United States as a result of their illegal entry into the country" -- would "fl[y] in the face of defined statutory text" and contravene the plain meaning of the word "admit." See Chen v. Almodovar, No. 1:25-cv-8350 MKV, 2025 WL 3484855, at *5 (S.D.N.Y. Dec. 4, 2025) (emphasis added).

By contrast, 8 U.S.C. § 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained" pending their final removal decision. "Thus, one express requirement to fall within § 1226(a) — and the critical one here — is that the alien was arrested on a warrant issued by the Attorney General." Vargas Lopez, 802 F. Supp. 3d 1132, 1139 (D. Neb. 2025). Further, pursuant to the Laken Riley Act (the "Act"), subsection (c) of 8 U.S.C. § 1226 was amended to mandate detention for specific categories of noncitizens who have been

3

charged with certain crimes.  See 8 U.S.C. § 1226(c)(1)(E); Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (Jan. 29, 2025) (Laken Riley Act).

The term "applicant for admission" in 8 U.S.C. § 1225 "functions as a legal designation -- describing an individual's legal status for purposes of the removal scheme." Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) (collecting cases).  And petitioner is subject to this legal designation because he is an "alien," 8 U.S.C. § 1225(a)(1), who is "present in the United States," id., and who "has not been admitted," id., since his entry into the United States was not a "lawful entry . . . after inspection and authorization by an immigration officer," id.  § 1101(a)(13)(A). See Mejia Olalde v. Noem, No. 1:25-cv-00168 JMD, 2025 WL 3131942, at *3 (E.D. Mo. Nov. 10, 2025).  Petitioner may not "elide[]" this legal designation as an "'applicant for admission' merely because he has already entered the United States." Alonzo, 2025 WL 3208284, at *4; see also Chen, 2025 WL 3484855, at *4 (same conclusion).

Simply because petitioner was initially released on parole pursuant to 8 U.S.C. § 1226 does not mean that the provisions of § 1225 are inapplicable to his present detention. As Judge Jones noted in Buenrostro-Mendez, the fact "that prior Administrations decided to use less than their full enforcement authority under § 1225(b)[] does not mean they lacked the authority to do more." Buenrostro-Mendez, 2026 WL 3233330, at *8.  "In contrast to past administrations, the current

4

Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them." Id. at *9.

Having established that 8 U.S.C. § 1225 applies to petitioner, the court once more concludes that "the procedure authorized by Congress" in that statute constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).

And the procedure laid out in 8 U.S.C. § 1225(b)(1)(B)(ii) is clear:  it provides that a non-citizen "shall be detained [pending] further consideration of [his] application for asylum." (emphasis added).  Petitioner, who filed an application for asylum that is currently pending, falls squarely within 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention provision.  (See Docket No. 1 at 16.)

IT IS THEREFORE ORDERED that petitioner's petition for a writ of habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

Dated:  April 16, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5